UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of THOMAS MICHAEL O'HARA,
deceased, by DONALD A. O'HARA,
Personal Representative,

    Plaintiff,

vs.                                                  Case No. 05-71075

NORFOLK SOUTHERN RAILWAY COMPANY,      HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER GRANTING
## PLAINTIFF'S MOTION TO AMEND COMPLAINT[1]

### I.  Introduction

    This is a personal injury case.  Plaintiff, the Estate of Thomas Michael O'Hara through Representative Plaintiff Donald A. O'Hara (Estate) seeks compensation for the death of Thomas Michael O'Hara (O'Hara) who was killed after his car was hit by a train belonging to Defendant Norfolk Southern Railway Co. (Railway).  The Estate claims (1) that O'Hara's death was caused by the negligent and careless behavior of the Railway and its agents, (2) the Railway caused O'Hara conscious pain and suffering before his death, and (3) O'Hara's next of kin suffered loss of love, society, affection, companionship and income as a result of O'Hara's death.

---

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

Before the Court is the Estate's motion to amend the complaint to add Michigan Department of Transportation, Monroe County Road Commission and Village of South Rockwood as defendants. For the reasons that follow, the motion is GRANTED.

## II.  Background

On October 20, 2003 around 10:37 p.m. O'Hara was near the intersection of Fort Street and South Huron River Drive in Monroe County, Michigan. When his car crossed the railroad tracks, it was hit by a train operated by the Railway. O'Hara was killed.

The Estate claims that O'Hara's death was caused by the negligent and careless behavior of the Railway and its agents, including problems with the train signal, elevation and condition of the train crossing, and condition of the roadway. The Railway denies the Estate's claims and asserts affirmative defenses, including that third parties other than Railway caused or contributed to O'Hara's death and O'Hara's death was caused by the superceding intervening acts and conduct of third parties.

On July 6, 2005, the Railway filed a Notice of Non-Involved Parties by Defendants. In the notice, the Railway indicated that the Monroe County Road Commission installed and maintains the traffic signals in place at the relevant intersection, that the Village of South Rockwood has jurisdiction over South Huron Drive, and that MDOT is responsible for evaluating the conditions and protection necessary at railroad crossings. The Railway further contended that should a jury find that the Estate's complaint has merit and damages should be awarded, "then the damages could have been contributed to" by the Monroe County Road Commission, Village of South Rockwood, and MDOT.

On September 2, 2005, the Estate filed the instant motion to amend to add Michigan Department of Transportation, Monroe County Road Commission and Village of South Rockwood as defendants. The Railway did not file a response to the motion.

### III.  Legal Standard

Federal Rule of Civil Procedure 15(a) provides that a party may file an amended complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) provides that such "leave shall be freely given when justice so requires." Id. "Rule 15 reinforces the principle that cases should be tried on their merits rather than the technicalities of pleadings" Turner v. City of Taylor, 412 F.3d 629, 646 (6th Cir. 2005)(quoting Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986)).  The decision whether or not to permit the amendment is committed to the discretion of the trial court.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-332 (1971); See also Turner, 412 F.3d at 646.  Factors which may effect the decision to grant leave to amend include (1) undue delay in filing, (2) lack of notice to the opposing party, (2) bad faith by the moving party, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, (5) futility of amendment are all factors.  Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989)(quoting Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973)).  "Notice and substantial prejudice to the opposing  party are critical factors in determining whether an amendment should be granted." Id.  Moreover, in denying a motion to amend, a court must find "at least some significant showing of prejudice to the opponent." Moore, 790 F.2d at 562.

3

## IV.  Analysis

The <u>Hageman</u> factors suggest that leave to amend the complaint should be granted.  The Railway filed the Notice of Non-Involved Parties on July 6, 2005 and the Estate filed this motion to amend on September 2, 2005.  While there was some delay in filing, delay by itself is not sufficient to deny a motion to amend.  The Railway has not claimed lack of notice; they have not filed a response to the motion.  There is no evidence of bad faith on the part of the Estate nor any prejudice to Railway.  Amendment would not be futile, as the addition of new defendants will likely help to fully resolve the claims.

SO ORDERED.

     s/Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: November 2, 2005
Detroit, Michigan