UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

The Estate of THOMAS MICHAEL
O'HARA, deceased, by DONALD A.
O'HARA, Personal Representative,

    Plaintiff,

v.                                                    Case No. 05-71075

NORFOLK SOUTHERN RAILWAY           HONORABLE AVERN COHN
COMPANY, MICHIGAN DEPARTMENT
OF TRANSPORTATION, MONROE
COUNTY ROAD COMMISSION, and
VILLAGE OF SOUTH ROCKWOOD,

    Defendants.

_____/

**MEMORANDUM AND ORDER GRANTING
DEFENDANT MICHIGAN DEPARTMENT OF TRANSPORTATION'S
MOTION TO DISMISS[1]**

**I. Introduction**

This is a personal injury case. Plaintiff, the Estate of Thomas Michael O'Hara through Personal Representative Donald A. O'Hara (Estate) is suing Defendants Norfolk Southern Railway Company (Norfolk Southern), Michigan Department of Transportation (MDOT), Monroe County Road Commission (Road Commission), and Village of South Rockwood (South Rockwood). The Estate is seeking damages for the death of Thomas O'Hara (O'Hara), who was killed after his car was hit by a train operated by Norfolk Southern. The Estate, in the First Amended Complaint, claims (1)

---

[1] The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

that O'Hara's death was caused by the defendants' negligent and careless behavior; (2) defendants caused O'Hara pain and suffering before his death; and (3) O'Hara's next of kin suffered loss of love, society, affection, companionship and income as a result of O'Hara's death.

Before the Court is MDOT's "Motion for Summary Disposition for Lack of Subject Matter Jurisdiction."[2]  For the reasons that follow, the motion is GRANTED and MDOT is DISMISSED from the case.

## II.  Background

### A. Factual Background[3]

On October 20, 2003 at approximately 10:37 p.m., O'Hara was in a car proceeding north on North Dixie Highway in Monroe County, Michigan.[4]  At South Huron River Drive, the car O'Hara was in turned left and proceeded west on that roadway. While O'Hara's car was crossing a railroad track on South Huron River Drive, Norfolk Southern train number 6732, which was proceeding south, hit O'Hara's car.  O'Hara

---

[2] While MDOT labels its motion as one for summary disposition, it is requesting that the claim against it be dismissed under Fed. R. Civ. P. 12(b)(6) and 12(b)(1). Accordingly, MDOT's motion is properly styled as a motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Additionally, there is no motion for "summary disposition" under the Federal Rules of Civil Procedure; that term is instead appropriate under the Michigan Court Rules in a state court action.

[3] The sparse factual background is taken from the First Amended Complaint.

[4] The First Amended Complaint is silent with respect to whether O'Hara was driving the car.

died that day.[5]

### B. Procedural Background[6]

On December 15, 2003, the Estate filed a notice of claim against the State of Michigan with the Court of Claims identifying a defective highway condition at the accident scene including: defective traffic signals, defective railroad crossing signals, defective light sequencing devices, and defective elevation in the road, which significantly contributed to the fatal injuries sustained by O'Hara.

On March 18, 2005, the Estate filed a complaint against Norfolk Southern claiming that Norfolk Southern caused O'Hara's death through the negligent and careless behavior of the company and its agents. In the complaint, the Estate says that Norfolk Southern was responsible for, inter alia, defects in the train signal, elevation, crossing, and condition of the roadway.

On July 6, 2005, Norfolk Southern filed a notice of non-involved parties. In the notice, Norfolk Southern claims that the Road Commission, South Rockwood, and MDOT proximately caused the damages the Estate claims in the complaint. Specifically, Norfolk Southern says that (1) the Road Commission installed and maintained the traffic signals in place at the intersection, (2) South Rockwood has jurisdiction over South Huron River Drive, and (3) MDOT is responsible for evaluating the conditions and protections necessary at railroad crossings. Norfolk Southern further says that, should a jury find in favor of the Estate, damages could have been

---

[5] The First Amended Complaint does not indicate whether O'Hara was killed instantly when the train struck his car or whether he died after the collision.

[6] The procedural background is taken from the parties' papers.

contributed to by the Road Commission, South Rockwood, and MDOT.

On September 2, 2005, the Estate filed a motion to amend the complaint and add MDOT, the Road Commission, and South Rockwood as defendants. The Court granted the motion on November 2, 2005. On November 4, 2005, the Estate filed the First Amended Complaint and added MDOT, the Road Commission, and South Rockwood as defendants and included allegations against each of them. The Estate claims that, at the time of the collision between the train and O'Hara's car, (1) MDOT, the Road Commission, and South Rockwood did not maintain the roadway in reasonable repair; (2) MDOT, the Road Commission, and South Rockwood owed duties to the Estate to maintain the roadway but violated those duties; (3) the negligence and carelessness of MDOT, the Road Commission, and South Rockwood directly and proximately caused O'Hara's death; and (4) O'Hara suffered pain and suffering prior to his death for which his heirs and next of kin seek recovery.

On December 30, 2005, O'Hara filed a complaint against MDOT in the Michigan Court of Claims.

### III. Discussion

#### A. Legal Standards

##### 1. Fed. R. Civ. P. 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

##### 2. Fed. R. Civ. P. 12(b)(1)

The Court of Appeals for the Sixth Circuit has held that, "[w]here subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. Moreover, the court is empowered to resolve factual disputes when subject matter jurisdiction is challenged." Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990). The court construes the complaint liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232 (1974).

### B. Analysis

### 1. Parties' Arguments

MDOT says that the Estate's claim against it is barred by the Eleventh Amendment to the U.S. Constitution. Additionally, it says that the Michigan Court of Claims is the exclusive forum for suits against state agencies and departments for money damages in excess of $1,000.00.

The Estate responds that, notwithstanding Eleventh Amendment immunity, the Court may exercise supplemental jurisdiction over its claim against MDOT under 28 U.S.C. § 1367. The Estate says that its claim against MDOT arises out of the same case or controversy as its claim against Norfolk Southern (i.e., the train accident in which O'Hara was involved).

The Estate also says that, if the Court dismisses MDOT, there will be scheduling conflicts between this case and the case against MDOT in the Michigan Court of Claims because there will be different discovery schedules in two different courts. Finally, if the Court grants MDOT's motion, the Estate seeks to have MDOT stricken from Norfolk Southern's notice of non-involved parties.

### 2. Discussion

The Eleventh Amendment provides that

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. This amendment bars all suits in federal court against unconsenting states brought by their own citizens as well as citizens of other states.

Hans v. Louisiana, 134 U.S. 1, 15 (1890). State sovereign immunity under the Eleventh Amendment extends to suits brought against state departments and agencies. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

It is undisputed that MDOT is an agency of the State of Michigan. Accordingly, the Court must determine whether any exception to Eleventh Amendment immunity applies. A plaintiff may directly sue a state in federal court when a state consents to suit or the case concerns a statute Congress enacted under section 5 of the Fourteenth Amendment. Alden v. Maine, 527 U.S. 706, 755 (1999); Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 59 (1996). A limited exception to Eleventh Amendment immunity applies when a plaintiff sues a state official for violation of federal law and seeks prospective injunctive relief. Ex Parte Young, 209 U.S. 123, 159-60 (1908).

The Estate has not alleged that it is suing MDOT, let alone any of the other defendants, under a statute Congress passed under section 5 of the Fourteenth Amendment. The Estate likewise has not named a state official as a defendant, so the Ex Parte Young exception is inapplicable here. The only remaining basis for the Estate to overcome the Eleventh Amendment bar to suing MDOT is by demonstrating that MDOT consented to waive its sovereign immunity. Waiver is found only where expressly stated or "by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974). The Estate says that MDOT has consented to suit under the Michigan Court of Claims Act and the Estate's filing of a notice of claim under Mich. Comp. Laws §

691.1401. The Estate does not elaborate on this argument; instead, it merely notes that "[t]he question remains as to whether this consent applies to suit in this Court or solely the Court of Claims." To the extent the Estate argues that MDOT, by being named a defendant in the complaint the Estate filed against it in the Michigan Court of Claims, consented to suit and thereby waived its Eleventh Amendment immunity here, this argument is without merit. It is well established that a state's consent to suit in its own court does not constitute a waiver of Eleventh Amendment immunity. Fla. Dep't of Health & Rehab. Servs. v. Fla. Nursing Home Ass'n, 450 U.S. 147, 149-50 (1981). Additionally, the Court of Appeals for the Sixth Circuit has held that the Michigan Court of Claims Act does not constitute waiver of Eleventh Amendment immunity. Abick v. State of Mich., 803 F.2d 874, 877 (6th Cir. 1986). The Michigan Court of Appeals likewise has held that the Michigan Court of Claims Act "is not to be construed as a consent to a suit by a private citizen against the state." Lowery v. Dep't of Corr., 146 Mich. App. 342, 349 (1985). Accordingly, MDOT is entitled to Eleventh Amendment immunity and the Court lacks subject matter jurisdiction over the Estate's claim against MDOT.

Despite this finding, the Estate urges the Court to exercise supplemental jurisdiction over MDOT under 28 U.S.C. § 1367. This argument is not well taken. Eleventh Amendment immunity bars a federal court from exercising jurisdiction where the party asserting immunity establishes that immunity applies. See Pennhurst, 465 U.S. at 123. Neither supplemental jurisdiction nor any other basis for jurisdiction overrides Eleventh Amendment immunity. Id. at 100, 121.

The remaining objections to MDOT's motion that the Estate raises, namely (1)

potential scheduling conflicts between this case and the Estate's suit against MDOT in the Michigan Court of Claims and (2) the Estate's request to strike MDOT from Norfolk Southern's notice of non-party fault, are baseless. Michigan law allows a trier of fact to apportion fault in tort actions like this one "regardless of whether the person is, or could have been, named as a party to the action." MICH. COMP. LAWS § 600.2957(1) (West 2006). The Michigan Court of Claims is the appropriate forum for any claim the Estate seeks to bring against MDOT; this Court has no jurisdiction.

    SO ORDERED.

                                                            s/Avern Cohn
                                                             AVERN COHN
Dated: February 21, 2006              UNITED STATES DISTRICT JUDGE
      Detroit, Michigan